# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ROCKY JAY BURNS,

    Plaintiff,

v.

JAHNA LINDEMUTH, *et al.*,

    Defendant.

Case No. 3:18-cv-290-SLG

## ORDER OF DISMISSAL

Self-represented litigant Rocky Jay Burns filed a Complaint and Request for Injunction on December 10, 2018.[1] Additionally, Mr. Burns filed a Civil Cover Sheet and an Application to Proceed in District Court without Prepaying Fees or Costs.[2]

In his complaint, Mr. Burns alleges that the State of Alaska has violated several federal wiretapping and data communications laws as well as the U.S. Constitution. Mr. Burns alleges the warrant used to collect his communications violated federal law. Mr. Burns alleges that from this improper data collection, the State of Alaska has sought to prosecute Mr. Burns. Mr. Burns states that he has a pending state court criminal case.

This Court takes judicial notice of his pending criminal case 3AN-15-08427CR.[3] The State of Alaska has charged Mr. Burns with four Class C felony

---

[1] Docket 1.

[2] Dockets 2 & 3.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without

counts of violating AS11.71.040(a)(2), Misconduct Involving a Controlled Substance in the Fourth Degree, and one Class A misdemeanor count of violating AS 11.71.050(a)(1) Misconduct Involving a Controlled Substance in the Fifth Degree.

Mr. Burns requests that the Court grant a "temporary restraining order against the State of Alaska and it's offices from prosecuting ROCKY BURNS until a question of law can be reached pertaining to Federal Wiretapping Statutes being followed by Alaska State Law Enforcement as a whole or in part by the Anchorage Police Department."[4] Mr. Burns also indicates that he is seeking assistance from the Ninth Circuit Court of Appeals Pro Bono Program in order to file a writ of mandamus.[5]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking IFP status.[6] In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

---

requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[4] Docket 1 at 5.

[5] Docket 1 at 5.

[6] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that the

Case No. 3:18-cv-290-SLG, *Burns v. Lindemuth*
Order of Dismissal
Page 2 of 6
Case 3:18-cv-00290-SLG   Document 4   Filed 02/21/19   Page 2 of 6

> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.[7]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[8] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10]

---

relevant law, 28 U.S.C. § 1915(e) "applies to all [IFP] complaints," and not just those filed by prisoners).

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:18-cv-290-SLG, *Burns v. Lindemuth*
Order of Dismissal
Page 3 of 6
Case 3:18-cv-00290-SLG   Document 4   Filed 02/21/19   Page 3 of 6

## DISCUSSION

Mr. Burns' complaint alleges that the State of Alaska has violated federal wiretapping laws and violated Mr. Burns' constitutional rights. The complaint further alleges that Mr. Burns is being improperly criminally prosecuted and requests this Court to intercede in the state proceeding.[11] The complaint fails to present a claim with a proper federal question. Therefore, this Court has no subject matter jurisdiction. For the reasons discussed below, the complaint fails to state a claim upon which relief may be granted. In this case, amendment would be futile; therefore, leave to amend will not be permitted.

### Subject Matter Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[12] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[13] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and

---

[11] Docket 1 at 5; Mr. Burns may have a cognizable claim under 28 U.S.C. § 2241, depending on the circumstances of his pretrial detention and the length of his pre-trial status. *See, e.g.*, *McNeely v. Blanas*, 336 F.3d 822, 824 (9th Cir. 2003) ("[B]ecause Petitioner is a pretrial detainee, . . . his claim falls under 28 U.S.C. § 2241."); *see also Barker v. Wingo*, 407 U.S. 514, 530 (1972) (establishing the four factors for evaluating the right to speedy trial are (1) the length of the delay, (2) the reasons for the delay, (3) the accused assertion of the right to speedy trial, and (4) the prejudice caused by the delay.). Forms for self-represented litigants are available from the Clerk's office at the Alaska District Court.

[12] *Black's Law Dictionary* (9th ed. 2009) (definition of "jurisdiction").

[13] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

Case No. 3:18-cv-290-SLG, *Burns v. Lindemuth*
Order of Dismissal
Page 4 of 6
Case 3:18-cv-00290-SLG   Document 4   Filed 02/21/19   Page 4 of 6

statute."[14] This means that the Court has the authority to hear only specified types of cases.[15] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[16]

Federal question jurisdiction provides a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[17] The complaint cites to two federal criminal statutes and several amendments of the U.S. Constitution important to criminal proceedings.[18] However, federal criminal statutes do not give citizens a right to bring a civil lawsuit against a state in federal court. Federal criminal statutes are for the use of federal law enforcement in order to prosecute federal crimes.[19] Therefore, this Court does not have federal question jurisdiction over this case.[20]

---

[14] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. V. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[15] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[16] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[17] 28 U.S.C. § 1331.

[18] *See* Docket 1.

[19] *See* 18 U.S.C. § 2511(1) (permitting authorized and supervised communications monitoring activities by law enforcement).

[20] To the extent that Mr. Burns is arguing that the State of Alaska is violating his constitutional rights, he can raise any such claims in his state criminal cases—not in a separate federal action.

Case No. 3:18-cv-290-SLG, *Burns v. Lindemuth*
Order of Dismissal
Page 5 of 6
Case 3:18-cv-00290-SLG   Document 4   Filed 02/21/19   Page 5 of 6

When a court determines "that it lacks subject matter jurisdiction, the court must dismiss the action."[21] In light of the foregoing, Mr. Burn's complaint must be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED:**

1. The Complaint is DISMISSED without leave to amend.
2. The Clerk of Court is directed to enter a Final Judgment in this case.

DATED this 21st day of February, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[21] Fed. R. Civ. P. (12)(h)(3).

Case No. 3:18-cv-290-SLG, *Burns v. Lindemuth*
Order of Dismissal
Page 6 of 6
Case 3:18-cv-00290-SLG   Document 4   Filed 02/21/19   Page 6 of 6